J-S15002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EARL HAVEN | : | |
| | : | |
| Appellant | : | No. 2279 EDA 2023 |

Appeal from the Judgment of Sentence Entered May 19, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001720-2020

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 18, 2024**

Appellant, Earl Haven, appeals from the judgment of sentence entered on May 19, 2023.  In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.  Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the relevant facts of this case as follows.

> At approximately 6:25 p.m. on October 13, 2019, [Appellant]
> shot Lenwood Barnes with a 9mm Taurus firearm in an alleyway

_____

[*] Retired Senior Judge assigned to the Superior Court.

on the 6500 block of Lansdowne Avenue in Philadelphia[, Pennsylvania]. At that time, Mr. Barnes was in a months-long relationship with the mother of [Appellant's] child. Mr. Barnes testified that [Appellant] attacked and shot him without provocation, hitting him five times. As a result of the shooting, Mr. Barnes spent six weeks in a hospital receiving treatment for his injuries, which included fractures of his hip joint, left hip, sacrum, the area near his rectum, and his tailbone areas. [Appellant] testified that he fired at Mr. Barnes in self-defense after Mr. Barnes had fired a gun at him first. At the time of the shooting, [Appellant] did not have a license to possess a firearm.

Trial Court Opinion, 10/27/23, at 2-3.

Thereafter, the Commonwealth charged Appellant with various crimes, including attempted homicide. A jury trial commenced on December 13, 2022. On December 15, 2022, the "jury acquitted [Appellant] on all charges relating to [Appellant's] shooting of Mr. Barnes[,]" but found Appellant guilty of carrying a firearm without a license and carrying a firearm on the streets of Philadelphia.[1] *Id.* at 3. "On that same day, [Appellant] pled guilty to possession of a firearm by a prohibited person,[2] . . . a charge that had been bifurcated for the jury trial." *Id.* at 1 (footnote added). On May 19, 2023, the trial court sentenced Appellant to a "total sentence of seven and one-half to [15] years of incarceration, followed by five years of probation." *Id.* On May 26, 2023, Appellant filed a post-sentence motion, seeking reconsideration of his sentence. The trial court denied Appellant's motion on August 2, 2023. This timely appeal followed.

_____

[1] 18 Pa.C.S.A. §§ 6106(a)(1) and 6108, respectively.

[2] 18 Pa.C.S.A. § 6105.

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an **Anders** brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **Commonwealth v. Miller**, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under **Anders**, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Finally, counsel must furnish a copy of the **Anders** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal

is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also***

***Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party.  Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated.  We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them[.]").  It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations.  We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous.  Our analysis begins with the claim raised in the ***Anders*** brief, which is as follows:[3]

> 1. Did the trial court abuse its discretion in sentencing [Appellant] at the top of the standard guideline range and improperly discount his acceptance of guilt and the necessary implications of the self-defense jury verdict?
>
> 2. Are there any issues of arguable merit that could be raised on direct appeal with regard to Appellant's entry of a guilty

_____

[3] We have re-ordered and revised the issues raised in the ***Anders*** brief for both clarity and ease of discussion and disposition.

plea to [v]iolation of the Uniform Firearms Act, [18 Pa.C.S.A. § 6105]?

3. Was the evidence sufficient to [support] Appellant['s convictions for c]arrying a concealed firearm without a license[] in violation of [18 Pa.C.S.A. § 6106] and [c]arrying a [f]irearm on the [s]treets of Philadelphia [w]ithout a [l]icense, in violation of [18 Pa.C.S.A. § 6108]?

*Anders* Brief at 2.

First, we address Appellant's challenge to the discretionary aspects of his sentence, specifically his sentence for "the lead charge, violating 18 [Pa.C.S.A.] § 6105." *Anders* Brief at 8. More specifically, Appellant states:

> [His] sole complaint regarding the sentence imposed is that the [trial c]ourt imposed a sentence at the top of the standard range of the guidelines, deciding against counting self-defense as a mitigating factor. Common sense suggests that if a person was justified in protecting oneself with deadly force and arguably could have died if he had not . . . then there is some level of justification in possessing the firearm.

*Id*. at 8-9. Based upon the foregoing, it appears that Appellant challenges the trial court's alleged failure to consider mitigating factors, *i.e.*, the fact that he acted in self-defense, when fashioning his sentence.

This Court previously explained:

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [*Moury*, 992 A.2d] at 170 [(citation omitted)]. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted). If an appellant fails to raise a challenge to the discretionary aspects of a sentence either by presenting a claim to the trial court at the time of sentencing or in a post-sentence motion, then the appellant's challenge is considered waived. *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013). A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) "inconsistent with a specific provision of the [s]entencing [c]ode" or (2) is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011) (citation omitted).

Here, Appellant complied with the first requirement above, by timely filing a notice of appeal. As previously noted, Appellant filed a post-sentence motion on May 26, 2023. The averments within Appellant's motion, however, were as follows:

1. After a jury trial, [Appellant] was found guilty of [violating the Uniform Firearms Act].

2. On May 19, 2023, th[e trial court] sentenced [Appellant] to an aggregate term of [seven and one-half] to 15 years of state incarceration.

3. [Appellant] wishes to present additional mitigating evidence.

4. The sentences exceeded the appropriate sentencing guideline range as stipulated by the parties.

Appellant's Post- Sentence Motion for Reconsideration of Sentence, 5/26/23, at *1 (unpaginated). Appellant did not argue that the trial court abused its discretion in fashioning his sentence because it failed to consider self-defense as a mitigating factor. As such, this challenge is waived and "would be frivolous to pursue it on this appeal."[4] *Commonwealth v. Kalichak*, 943 A.2d 285, 293 (Pa. Super. 2008).

_____

[4] Even if we considered, within the context of our independent review, whether the trial court abused its discretion in failing to consider mitigating evidence in imposing its sentences for Appellant's various firearms violations, we would conclude that Appellant's discretionary sentencing claim is wholly frivolous since Appellant has not raised a substantial question commanding appellate review. *See Commonwealth v. Crawford*, 257 A.3d 75, 79 (Pa. Super. 2021) (explaining that the appellant's claim that the trial court gave "inadequate consideration of mitigating factors [did] not raise a substantial question" because his sentence was "within the standard range").

Next, we address a conceivable challenge to Appellant's guilty plea to violating 18 Pa.C.S.A. § 6105. This Court previously explained:

> Pennsylvania Rule of Criminal Procedure 720, which allows defendants to file a post-sentence motion, requires that "all requests for relief from the trial court shall be stated with specificity and particularity, and shall be consolidated in the post-sentence motion." Pa.R.Crim.P. 720(B)(1)(a). Rule 720 specifically permits defendants to file post-sentence motions "challenging the validity of a plea of guilty ... or the denial of a motion to withdraw a plea of guilty." Pa.R.Crim.P. 720(B)(1)(a)(i). However, "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1).
>
> This Court has held that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013). **See Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008) ("[A] request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal").

**Commonwealth v. Moore**, 307 A.3d 95, 99 (Pa. Super. 2023).

In this case, a review of the certified record reveals that Appellant did not, in any way, challenge or seek to withdraw his guilty plea. While Appellant filed a timely post-sentence motion, as displayed above, Appellant simply asked the trial court to reconsider his sentence. **See** Appellant's Post-Sentence Motion for Reconsideration of Sentence, 5/26/23, at *1 (unpaginated). Accordingly, this issue is also waived and would, therefore, be "frivolous to pursue [in] this appeal." **Kalichak**, 943 A.2d at 293.

Finally, we consider whether the Commonwealth presented sufficient evidence to support Appellant's convictions for carrying a concealed firearm without a license in violation of 18 Pa.C.S.A. § 6106 and carrying a firearm on the streets of Philadelphia without a license, in violation of 18 Pa.C.S.A. § 6108. Importantly, however, a review of the certified record reveals that, after receiving Appellant's notice of appeal, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Trial Court Order, 8/9/12, at 1. On August 30, 2012, Appellant filed his Rule 1925(b) statement and, within this statement, Appellant listed the following claims of error:

1. [T]he sentence was manifestly excessive;

2. [T]he sentencing court did not provide a sufficient statement of reasons for exceeding the standard sentencing guidelines range[.]

Appellant's Rule 1925(b) Statement, 9/22/23, at *1 (unpaginated). Appellant, therefore, did not include a challenge to the sufficiency of the evidence supporting his convictions in his Rule 1925(b) statement. Accordingly, we conclude that Appellant's final claim is waived and, in turn, frivolous. *See* Pa.R.A.P.1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement ... are waived"); *see also Kalichak*, 943 A.2d at 293.

We have independently considered the issues raised within counsel's *Anders* brief and we have determined that the claims are frivolous. In

addition, after an independent review of the entire record, including each of the aforementioned waived issues, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/18/2024